IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **CHRISTOPHER N. WIELAND,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 22-2650-TLP-tmp |
| | ) |
| **DANIEL C. SHUMAKE,** | ) |
| | ) |
| Defendant. | ) |

_____

**REPORT AND RECOMMENDATION**

_____

Before the court are two motions: Defendant Daniel C. Shumake's Motion to Dismiss Plaintiff's Complaint, filed on October 28, 2022, (ECF No. 11) and *pro se* plaintiff Christopher N. Wieland's Motion to Consolidate Cases, filed on January 26, 2023.[1] (ECF No. 15.) For the following reasons, the undersigned recommends that the Motion to Dismiss be granted and the Motion to Consolidate Cases be denied.

### I.   PROPOSED FINDINGS OF FACT

*Pro se* plaintiff Christopher N. Wieland filed a complaint against Daniel C. Shumake on September 26, 2022. (ECF No. 1.) In his complaint, he states: "[t]he defendant willfully and knowingly

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

engaged in the act of fraudulent misrepresentation defrauding my person, the court, and the State of Tennessee." (Id. at PageID 1.) He further asserts: "[t]his crime took place in a courthouse within Shelby County in Memphis TN. Case ID CT-006370-07 is the public record revealing the civil trial that took place featuring Daniel C Shumake as my representation without my consent or knowledge." (Id. at PageID 2.) A copy of the docket in that case is attached as an exhibit. (Id. at PageID 3.) The complaint also includes the following citations:

> 6) The following federal codes and statutes apply:
>     18 U.S. Code § 1031 – Major fraud against the United
>         States
>     33 U.S. Code § 931 – Penalty for misrepresentation
>     923.18 U.S.C. § 371 – CONSPIRACY TO DEFRAUD THE
>         UNITED    STATES
>     9-42.000 – FRAUD AGAINST THE GOVERNMENT
>     18 U.S. Code § 1001 – Statements or entries
>         generally
>     28 U.S. Code § 4101 – Defamation
>     18 U.S.C. §§ 1341 – Fruad [sic] & Swindles

(Id. at PageID 2.) No additional facts accompany these citations. (Id.)

Shumake filed a motion to dismiss on October 28, 2022. (ECF No. 11.) In his motion, Shumake argues that this court lacks subject matter jurisdiction to hear Wieland's claims, that Wieland lacks standing, and that his complaint fails to state a claim. (Id. at PageID 18.) Wieland filed a response to the motion on January 5, 2023. (ECF No. 12.) The response states, in its entirety:

> Daniel Shumake represented my person before the court illegally and without my consent at the request of someone else.
>
> I didn't contract with this person or request any assistance from him.
>
> His involvement without having ever contacted my person is fraud constituting trial fraud.
>
> Arguing jurisdiction to cover up blatant trial fraud is mockery of the federal court system's purpose and a delay tactic.

(Id.) Shumake filed a reply on January 17, 2023. (ECF No. 13.) There, he reiterated the assertions made in his motion and argued that the response did not cure the defects of the complaint because it did not supply any missing facts or allegations. (Id.)

On January 23, 2023, Wieland filed an additional document that he styled as a "Motion." (ECF No. 14.) This filing responded to many of the arguments raised in Shumake's motion to dismiss and reply. Regarding the facts underlying his lawsuit, Wieland writes:

> This lawsuit arises out of a Shelby County Circuit Court case styled Christopher Wieland v. Alex Betterton, No. CT-006370-07, filed on December 31, 2007, by Mr. Shumake as counsel for the Plaintiff, Christopher N. Wieland. The kicker is the plaintiff had never once met, spoken with, or made any form of an agreement with the attorney, Daniel C. Shumake, or anyone else for that matter.

(Id.) Wieland goes on to discuss the facts underlying several other lawsuits also before this court. (Id.) He contends that he has stated sufficient facts to raise the claims alleged in his complaint. (Id.) He also argues that he has standing and that the court has jurisdiction to hear his claims. (Id.) Shumake responded

-3-

to this filing on February 2, 2023. (ECF No. 16.) There, Shumake moved to strike the filing as an improper attempt at curing the deficiencies in Wieland's complaint. (Id.)

On January 26, 2023, Wieland filed a motion to consolidate his cases. (ECF No. 15.) According to that motion, Wieland has six federal lawsuits pending in this court in addition to the instant case. (Id.) Wieland describes the facts underlying these lawsuits, which appear to involve police and prosecutorial misconduct, Wieland's involuntary commitment to a psychiatric institution, and misappropriation of funds via fraud and violence. (Id.) Shumake opposes this motion. (ECF No. 18.) He writes that the facts underlying the present case do not pertain to any of the incidents described in Wieland's motion and that there is thus no "common question of law or fact" as required by Federal Rule of Civil Procedure 42. (Id.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A. Motion to Dismiss

#### 1.   The Plaintiff's Complaint

Federal Rule of Civil Procedure 12(b)(6) allows the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). In ruling on a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true." Ashland, Inc. v. Oppenheimer & Co., 648 F.3d 461, 467 (6th Cir. 2011) (internal quotation marks and citation omitted). However, "legal conclusions or unwarranted factual inferences need not be accepted as true." Peoples v. Bank of America, No. 11-2863-STA, 2012 WL 601777, at *2 (W.D. Tenn. Feb. 22, 2012) (citation omitted).

Wieland's complaint does not satisfy the plausibility standard. The only facts contained in the complaint are his allegations that a civil trial "took place featuring Daniel C Shumake as my representation without my consent or knowledge." (ECF No. 1 at PageID 2.) This alone is not a statement of a claim upon which relief can be granted. Although Wieland cites to several purportedly applicable federal codes and statutes, he does not provide any factual matter explaining why he is entitled to relief under those statutes. (Id.) Moreover, many of those references are to criminal codes under which Wieland has no standing to bring a

claim[2] or are not statutes at all.[3] The only listed statute that does create a private right of action (28 U.S.C. § 410l – Defamation) has no accompanying factual matter from which the court could infer Shumake's liability. Finally, Wieland's statement that Shumake "willfully and knowingly engaged in the act of fraudulent misrepresentation defrauding my person, the court, and the State of Tennessee" is an unsupported legal conclusion that is not entitled to the presumption of truth. Peoples, 2012 WL 601777, at *2. Even construing the complaint in the light most favorable to Wieland, the court is not able to draw a reasonable inference that Shumake is liable for any conduct alleged. The undersigned therefore recommends that the motion to dismiss be granted.

    2.   <u>The Plaintiff's Subsequent Filings</u>

Even if the court construes Wieland's "Motion" at ECF No. 14 as an attempt to seek leave to file an amended complaint, that motion would be denied because the amendment would be futile. <u>See</u>

---

[2] In his list of applicable statutes, Wieland includes 18 U.S.C § 1031, 33 U.S.C. § 931, 18 U.S.C. § 1001, and 18 U.S.C. § 1341. (ECF No. 1 at PageID 2.) These are all criminal statutes that Wieland, as a private citizen, cannot enforce against Shumake. <u>See</u> <u>Crutcher v. Colombo</u>, No. 21-1116, 2021 WL 6803114, at *3 (6th Cir. Nov. 29, 2021).

[3] Wieland references 923. 18 U.S.C. § 371, which is a portion of the Department of Justice Manual. § 923. 18 U.S.C. § 371-- CONSPIRACY TO DEFRAUD THE UNITED STATES, Dep't of Just. Manual Resource Manual Title 9. He also cites 9-42.000 - FRAUD AGAINST THE GOVERNMENT. This citation is to a passage published by the New York City Bar Association to provide continuing legal education. 9-42.000 FRAUD AGAINST THE GOVERNMENT, 20120613P NYCBAR 47.

Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003) ("[L]eave to amend may be denied where the amendment would be futile."). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). While Wieland's motion sets forth some additional factual background for his allegations, it does not provide sufficient context to the causes of action in his complaint to state a claim. It would therefore not withstand a motion to dismiss under Rule 12(b)(6) and would be futile. Thus, to the extent that Wieland is moving to amend his complaint through this filing, it is recommended that his motion be denied.[4]

**B.    Motion to Consolidate Cases**

Federal Rule 42(a) permits consolidation of cases when "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42. However, as explained above, it is recommended that Wieland's complaint in this case be dismissed.

---

[4] In his response to Wieland's "Motion" at ECF No. 14, Shumake moves to strike that filing from the record. (ECF No. 16.) Federal Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although Wieland's filing is not a recognized motion under the Federal Rules of Civil Procedure or this court's Local Rules, it is also not a pleading under Federal Rule 7(a). Fed. R. Civ. P. 7(a). It is therefore not subject to a motion to strike under Rule 12(f). See Reynolds & Reynolds Co., Inc. v. Alan Vines Auto. of Jackson, LLC, No. 1:20-MC-0003-STA, 2020 WL 5797922, at *2 (W.D. Tenn. Sept. 28, 2020).

The motion to consolidate should therefore be denied. However, even if the court were to consider the motion on its merits, consolidation would not be warranted because the cases do not present a "common question of law and fact." For these reasons, the undersigned recommends that the motion to consolidate cases be denied.

### III. RECOMMENDATION

For the above reasons it is recommended that Shumake's Motion to Dismiss be granted and that Wieland's Motion to Consolidate Cases be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 1, 2023
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**