**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER N. WIELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:22-cv-02650-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| DANIEL C. SHUMAKE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DENYING MOTION TO CONSOLIDATE**

Plaintiff Christopher N. Wieland sued Defendant Daniel C. Shumake pro se in September 2022. (ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Chief Magistrate Judge Tu M. Pham ("Judge Pham") for management of all pretrial matters. Defendant moved to dismiss about one month later. (ECF No. 11.) Then, Plaintiff moved to consolidate this case with four other cases pending in the Western District of Tennessee. (ECF No. 15.)

Judge Pham considered these motions and entered a Report and Recommendation ("R&R"). (ECF No. 20.) In his report, Judge Pham recommends that this Court grant Defendant's motion to dismiss and deny Plaintiff's motion to consolidate. (*See id.*) For the reasons discussed below, the Court **ADOPTS** Judge Pham's R&R. The Court therefore **DENIES** Plaintiff's motion to consolidate (ECF No. 15), **GRANTS** Defendant's motion to dismiss (ECF No. 11), and **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.

## BACKGROUND

Plaintiff's issues with Defendant stem from a 2007 action in Shelby County Circuit Court.  (ECF No. 1 at PageID 1–3.)   According to Plaintiff, Defendant served as his attorney in that 2007 case "without [his] consent or knowledge."  (*Id.* at PageID 2.)  Because of this "crime [that] took place in a courthouse within Shelby County . . . [,]" Plaintiff claims Defendant "willfully and knowingly engaged in the act of fraudulent misrepresentation defrauding my person, the court, and the State of Tennessee."  (ECF No. 1 at PageID 1–2.)  Plaintiff also contends that "[t]he following federal codes and statutes apply:"

18 U.S. Code § 1031—Major fraud against the United States
33 U.S. Code § 931—Penalty for misrepresentation
923.18 U.S.C. § 371—CONSPIRACY TO DEFRAUD THE UNITED STATES
9-42.000—FRAUD AGAINST THE GOVERNMENT
18 U.S. Code § 1001—Statements or entries generally
28 U.S. Code § 4101—Defamation
18 U.S.C. §§ 1341—Fruad [sic] & Swindles

(*Id.* at PageID 2.)  Finally, Plaintiff requests "3.2 million dollars in restitution against [Defendant] or the firm he represented" and adds "[t]he defendant should also be disbarred."

(*Id.*)  As Judge Pham noted, Plaintiff presents no additional facts to accompany his allegations and demands.

About a month after Plaintiff sued Defendant, Defendant moved to dismiss the complaint.

(*See* ECF No. 11.)  In his motion, Defendant argued that this Court should dismiss Plaintiff's complaint because: (1) it lacks subject matter jurisdiction to hear Plaintiff's claims; (2) Plaintiff lacks standing to bring claims under the criminal statutes he cited; and (3) Plaintiff's complaint otherwise fails to state a claim.  (*Id.* at PageID 18.)  More than two months later, Plaintiff responded, arguing:

Daniel Shumake represented my person before the court illegally and without my consent at the request of someone else.

> I didn't contract with this person or request any assistance from him.
>
> His involvement without having ever contacted my person is fraud constituting trial fraud.
>
> Arguing jurisdiction to cover up blatant trial fraud is mockery of the federal court system's purpose and a delay tactic.

(ECF No. 12.)  Within two weeks, Defendant replied, arguing that Plaintiff's response could not cure his complaint's defects as it did not supply any missing facts or allegations.  (*See* ECF No. 13.)

A few days after Defendant's reply, Plaintiff filed another document that he titled "Food For Thought."  (*See* ECF No. 14.)  Discussing the facts of this action, Plaintiff writes:

> This lawsuit arises out of a Shelby County Circuit Court case styled Christopher Wieland v. Alex Betterton, No. CT-006370-07, filed on December 31, 2007, by Mr. Shumake as counsel for the Plaintiff, Christopher N. Wieland.  The kicker is the plaintiff had never once met, spoken with, or made any form of an agreement with the attorney, Daniel C. Shumake, or anyone else for that matter.

(*Id.* at PageID 43.)  Plaintiff then discusses facts related to several other lawsuits before this Court.  (*Id.* at PageID 43–46.)  And he then argues, without citing any authority, that he has plausibly asserted the claims in his complaint, that the court has jurisdiction to hear his claims, and that he has standing to bring those claims.  (*Id.* at PageID 46–47.)  A few days later, Defendant moved to strike Plaintiff's filing as an improper attempt at curing the deficiencies in his complaint.  (*See* ECF No. 16.)

During this time, Plaintiff also moved to consolidate this case with four other federal lawsuits pending in this Court.  (*See* ECF No. 15.)  According to Plaintiff's description, these pending lawsuits involve police and prosecutorial misconduct, Plaintiff's involuntary commitment to a psychiatric institution, and misappropriation of funds via fraud and violence.  (*Id.* at PageID 50–54.)  Defendant responded in opposition, arguing consolidation is not

appropriate under Federal Rule of Civil Procedure 42.  (ECF No. 18.)  This is because, according to Defendant, there is no "common question of law or fact" between this case and those described in Plaintiff's motion.  (*Id.* at PageID 74.)

## THE REPORT AND RECOMMENDATION

After recounting the factual and procedural history here, Judge Pham recommended that this Court grant Defendant's motion to dismiss and deny Plaintiff's motion to consolidate.  (*See* ECF No. 20.)  The Court next considers Judge Pham's recommendations about each motion in turn.

## I.      Motion to Dismiss

Considering Defendant's motion to dismiss, Judge Pham applied the correct legal standard for dismissal under Rule 12(b)(6).  (*Id.* at PageID 80.)  Under that standard, Judge Pham then addressed Plaintiff's complaint and his later filings.

### A.      Plaintiff's Complaint

In deciding whether the Court should grant Defendant's motion to dismiss, Judge Pham first addressed Plaintiff's complaint.  He noted that the only facts in Plaintiff's complaint "are his allegations that a civil trial 'took place featuring [Defendant] as my representation without my consent or knowledge.'"  (*Id.* at PageID 81 (quoting ECF No. 1 at PageID 2).)  Judge Pham found that this allegation alone "is not a statement of a claim upon which relief can be granted."  (*Id.*)

Judge Pham also explained why Plaintiff's citations to "several purportedly applicable federal codes and statutes" do not save his complaint.  (*See id.* at PageID 81–82.)  First, Judge Pham points out that Plaintiff fails to provide "any factual matter explaining why he is entitled to relief under those statutes."  (*Id.* at PageID 81.)  Second, he correctly notes that Plaintiff—a

private citizen—lacks standing to bring a claim under the criminal codes or the non-statutes he

lists in his complaint.  (*Id.* at PageID 81–82.)  Third, Judge Pham identifies the only listed statute

related to a private right of action for defamation: 28 U.S.C. § 4101.  (*Id.* at PageID 82.)  Still,

Judge Pham highlights the complaint's lack of "accompanying factual matter from which the

court could infer [Defendant's] liability."  (*Id.*)

Finally, Judge Pham addressed Plaintiff's fraudulent misrepresentation allegation.  He

correctly explained that Plaintiff's statement that Defendant "'willfully and knowingly engaged

in the act of fraudulent misrepresentation defrauding my person, the court, and the State of

Tennessee' is an unsupported legal conclusion that is not entitled to the presumption of truth."

(*Id.*)  Even construing the complaint in the light most favorable to Plaintiff, as the Court is

required to do, Judge Pham notes that the Court could not "draw a reasonable inference that

[Defendant] is liable for any conduct alleged."  (*Id.*)

### B.    Plaintiff's Later Filings

Judge Pham recommends treating Plaintiff's "Food For Thought" filing as a motion to

amend his complaint.  (*Id.*)  Using the correct legal standard for addressing such motions, Judge

Pham further recommends that this Court deny that motion because that amendment would be

futile:

> While [Plaintiff's] motion sets forth some additional factual background for his
> allegations, it does not provide sufficient context to the causes of action in his
> complaint to state a claim.  It would therefore not withstand a motion to dismiss
> under Rule 12(b)(6) and would be futile.  Thus, to the extent that [Plaintiff] is
> moving to amend his complaint through this filing, it is recommended that his
> motion be denied.

(*Id.* at PageID 82–83.)

Besides his recommendation that the Court deny Plaintiff's motion to amend, Judge

Pham also addressed Defendant's motion to strike Plaintiff's filing.  Again relying on the correct

legal standard under Rule 12(f), Judge Pham explains: "Although [Plaintiff's] filing is not a recognized motion under the Federal Rules of Civil Procedure or this court's Local Rules, it is also not a pleading under Federal Rule 7(a).  It is therefore not subject to a motion to strike under Rule 12(f)."  (*Id.* at PageID 83 n.4.)

## II.      Motion to Consolidate Recommendations

Considering Plaintiff's motion to consolidate, Judge Pham employed the right legal standard for consolidation under Rule 42.  (*Id.* at PageID 83.)  He then recommends denying Plaintiff's motion for two reasons.  First, Judge Pham recommends denying Plaintiff's motion to consolidate because he also recommends dismissing Plaintiff's complaint.  (*Id.*)  Second, and considering the motion on its merits, Judge Pham explains that "consolidation would not be warranted because the cases do not present a 'common question of law and fact.'"  (*Id.*)

## DISPOSITION

This Court now turns to Plaintiff's struggles to object here.  And the Federal Rules provide guidance about R&Rs.  Rule 72(b)(2) says that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation.  Fed. R. Civ. P. 72(b) advisory committee notes.  But the Court should review de novo "any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  And a district court need not articulate all the reasons it rejects a party's

objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).  What is more, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Judge Pham entered his R&R at the beginning of March 2023.  (ECF No. 20.)  Plaintiff objected to this R&R ten days later.[1]  (*See* ECF No. 21.)  Because this is within the fourteen days Plaintiff had to object under Rule 72, the Court would typically review Judge Pham's R&R de novo.

But as Defendant notes, "objections disputing the correctness of the [magistrate judge's] recommendation but failing to specify the findings believed to be in error are too general."  (ECF No. 22 at PageID 93 (quoting *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).)  Such a failure results in the district court treating a party's objections as a general objection to the entire magistrate judge's report.  *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004).  And "[a] general objection is considered the equivalent of failing to object entirely."  *Id.*

Plaintiff makes general objections to Judge Pham's R&R here.  The gist of those new arguments are as follows: (1) Defendant's counsel has deliberately impeded Plaintiff's ability to pursue his claims; (2) Judge Pham is biased against Plaintiff; (3) the presiding judge—not the Plaintiff—has the burden to "classify the actions of the complaint under specific statutes or to respond to the merits of [Defendant's] motions . . . "; and (4) Judge Pham failed to explain his reasoning behind his recommendations.  (*See generally* ECF No. 21.)  And Plaintiff insists,

---

[1] Plaintiff titled this filing "Motion to Extend All Deadlines, Quash Doc #15, Schedule a Trial, and/or Exercise Writ of Certiorari."  (*See* ECF No. 21.)  Considering Plaintiff's arguments disputing the correctness of Judge Pham's R&R in it, the Court **CONSTRUES** this filing as a timely filed objection to the R&R.

without more, that his factual and legal assertions in his complaint and later filings were

accurate.  (*See, e.g.*, *id.* at PageID 87.)

In response, Defendant argues Plaintiff's objections are similar to the plaintiff in

*McCready*.  (*See* ECF No. 22 at PageID 94.)  The Sixth Circuit in *McCready* had this to say

about the plaintiff's general objections:

> Initially, we note that McCready accomplished the following in his
> objections to the magistrate judge's report and recommendation: he repeatedly and
> inappropriately insulted the magistrate judge; he insisted on the accuracy of his
> factual and legal assertions; he characterized the defendants as liars; and he
> threatened the district court with promises to file for a writ of mandamus if his cause
> of action was dismissed.  McCready, however, failed to address the merits of the
> substantive issues raised in his complaint, challenged in the defendants' motion to
> dismiss, and reviewed by the magistrate judge.  Rather, McCready filed a rambling,
> 143-page objection to the magistrate judge's report and recommendation that
> contained numerous fundamental flaws in reasoning and analysis.  McCready
> offered bold conclusions regarding facts and the law with little, if any, support.

*McCready*, 113 F. App'x at 49.  The *McCready* court then found that the plaintiff failed to object

to the magistrate judge's report entirely.  *Id.*

With this analysis in mind, Defendant argues:

> [Plaintiff] has taken a similar approach in the case at bar, insisting on the
> accuracy of his factual and legal assertions, characterizing the Defendant as
> obstructionist, and accusing . . . Judge Pham of being biased.  The Plaintiff contends
> that the [R&R] fails to specify the basis on which [Judge] Pham recommended
> granting the Motion to Dismiss, which is directly contradicted by the [R&R] itself.
> In doing so, [Plaintiff] has generally disputed the correctness of the [Judge Pham's]
> recommendation, which is the equivalent of failing to object at all.  Consequently,
> this Court should follow the *McCready* Court's lead and adopt the [R&R] . . .
> dismissing the Plaintiff's claims with prejudice . . . .

(ECF No. 22 at PageID 94–95.)

The Court agrees with Defendant here.  The Court is also satisfied that there is no clear

error on the face of Judge Pham's R&R.  *See* Fed. R. Civ. P. 72(b) advisory committee notes.

The Court could stop there.  *See Plieler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have

no obligation to act as counsel or paralegal to pro se litigants.") But for Plaintiff's sake, the Court responds to Plaintiff's objections below and explains why it agrees with Judge Pham and Defendant.

## I.    Motion to Dismiss

Like Judge Pham, this Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted. And his later filings do not save his complaint either. First, Plaintiff lacks standing to bring a claim against Defendant under the criminal statutes he cites in his complaint. This is because Plaintiff is a private citizen, and "a private citizen lacks a judicially cognizable interest in the prosecution . . . of another." *See Crutcher v. Colombo*, No. 21-1116, 2021 WL 6803114, at *3 (6th Cir. Nov. 29, 2021) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Plaintiff may complain about criminal behavior to his local police, the FBI, or another appropriate law enforcement agency, but only the government, in coordination with a law enforcement agency, can initiate a criminal case. *See id.* Similarly, Plaintiff lacks standing to bring a claim against Defendant under the non-statutes he cites—for example, his citation to a New York City Bar Association publication about continuing legal education. (*See* ECF No. 20 at PageID 82 n.3.) To begin with, the federal court has no way to remedy a claim it does not recognize. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Second, Plaintiff cites to 28 U.S.C. § 4101 as the jurisdictional basis for his defamation claim. (ECF No 1 at PageID 2.) But that statute merely defines "defamation" in the "context of when a federal court may recognize a foreign defamation judgment. It is not itself a private right of action conferring federal question jurisdiction." *Parker v. Hankook Tire Mfg. Tenn., LP*, 2022 WL 4545120 (M.D. Tenn. Sept. 28, 2022).

Third, Plaintiff adds no factual matter from which the Court could infer Defendant's liability for defamation even if Plaintiff made that claim under Tennessee law. Nor does Plaintiff include facts that support his allegation that Defendant "willfully and knowingly engaged in the act of fraudulent misrepresentation defrauding my person, the court, and the state of Tennessee." (*See* ECF No. 1 at PageID 1.) These are legal conclusions that are not entitled to the presumption of truth without facts that allow the Court to reasonably infer that Plaintiff suffered such harm. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint only alleges facts that a civil trial "took place featuring [Defendant] as my representation without my consent or knowledge." (*Id.* at PageID 2.) And although Plaintiff's later filings give some background for his allegations, they also lack facts that state a claim for defamation or fraudulent misrepresentation. (*See, e.g.*, ECF Nos. 12 & 14.)

Take Plaintiff's defamation claim, for example. In Tennessee, a plaintiff must prove these elements to make a prima facie case of defamation: "(1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Hudik v. Fox News Network, LLC*, 512 F. Supp. 3d 816, 824–25 (M.D. Tenn. 2021) (quoting *Bohler v. City of Fairview*, 429 F. Supp. 3d 477, 490 (M.D. Tenn. 2019)). Even assuming Plaintiff's allegations are true, he offers no allegations about what statement, if any, Defendant published. Nor does Plaintiff allege that Defendant knew any such statement was false.

Despite Plaintiff's contentions to the contrary, it is his job to prove his claims, not the Court's. The Court therefore **GRANTS** Defendant's motion to Dismiss and **DISMISSES** Plaintiff's complaint.

## II.  Motion to Consolidate

The Court also agrees with Judge Pham that Plaintiff's motion to consolidate should be denied.  Plaintiff asks the court to consolidate four other cases with this one under Rule 42 because all five cases "represent one seamless series of actions carried out by multiple individuals."  (ECF No. 15 at PageID 50.)  And they "represent[] a combined strategy to complicate [his] person's, and that of others, from litigating against their parties/and or organizations in a unified manner."  (*Id.* at PageID 51.)  Still, the four cases Plaintiff seeks to consolidate arise from events that began in July 2022 and involve municipal entities allegedly violating his rights.  (*See* ECF No. 18 at PageID 73–74.)  This action, by contrast, allegedly arises out of a 2007 civil trial "featuring [Defendant] as [Plaintiff's] representation without [his] consent or knowledge."  (*See* ECF No. 1 at PageID 1–2.)

These cases do not involve a common question of law or fact.  As a result, Plaintiff has not shown that consolidation is proper here.  *See Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2001) ("The party moving for consolidation bears the burden of demonstrating the commonality of law, facts or both in cases sought to be combined . . . .").  The Court therefore **DENIES** Plaintiff's motion to consolidate.

## CONCLUSION

Having reviewed the R&R and the entire record here, the Court **ADOPTS** the R&R.  The Court therefore **GRANTS** Defendant's motion to dismiss, **DENIES** Plaintiff's motion to consolidate, and **DISMISSES** Plaintiff's complaint.

**SO ORDERED**, this 4th day of May, 2023.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

11